**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| COLOMBO IMPORTING U.S., INC. | : | |
| | : | |
| v. | : | CA No. 06-382 ML |
| | : | |
| UNITA PACKING, INC. | : | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff, Colombo Importing U.S., Inc. ("Colombo"), hereby moves for a default judgment against the defendant, Unita Packing, Inc. ("Unita"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in the amount of $130,971.04 including prejudgment interest, plus $6,515.16 in costs and attorneys' fees, such amounts having been incurred through October 31, 2006. The defendant, a Rhode Island corporation with offices in Cranston, wholly failed to answer or appear, and default was entered against it. Default having been entered, the allegations of the *Complaint* are accepted as true, and Colombo is entitled to a final judgment, with costs, interest, and attorneys fees as they accrue to the date judgment enters. Colombo relies further on the *Memorandum of Law* and on the *Affidavit of Rina McErlain* and the *Affidavit of Thomas R. Noel, Esq.*, filed herewith.

Dated: November 8, 2006

COLOMBO IMPORTING U.S., INC.

By Its Counsel,

/s/ Thomas R. Noel
Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COLOMBO IMPORTING U.S., INC. | : | |
| | : | |
| v. | : | CA No. 06-382 ML |
| | : | |
| UNITA PACKING, INC. | : | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff, Colombo Importing U.S., Inc. ("Colombo"), has moved for a default judgment because the defendant, a Rhode Island corporation with offices in Cranston, RI, has wholly failed to answer or appear. An Entry of Default was made by the Clerk on September 28, 2006. That, too, was served on the defendant. The allegations of the Complaint must be taken as true, and default judgment is appropriate as to all facts, claims, and counts for the sum certain of $130,971.04 including prejudgment interest, and $6,515.16 in costs and attorneys' fees, such amounts having been incurred through October 31, 2006.

## I. FACTS RELEVANT TO THIS MOTION

The following facts are recited in the *Complaint*, which has been verified by the Affidavit of Rina McErlain ("*McErlain Aff.*"), filed contemporaneously with this Motion.

Colombo is a New Jersey corporation whose principal place of business is located in Edison, New Jersey.[1] The defendant, Unita Packing, Inc. ("Unita"), is a Rhode Island

1 *See Complaint*, ¶2. All references to *Complaint* are to the pleading filed by Colombo against Unita in this matter on August 28, 2006.

corporation located in Cranston.[2] On August 28, 2006, Colombo commenced an action in this Court against Unita to recover payments for unpaid invoices dating back to the year 2004. Colombo imports foods and food products from around the world including cheeses and international specialty items, and sells and distributes such items to wholesalers and retailers.[3] Unita was a customer of Colombo's prior to the non-payment of the series of invoices giving rise to this action.

Colombo caused a copy of the *Summons* and *Complaint* to be served upon Unita, through Certified Process Server Paul G. Hughes, on August 28, 2006. The *Affidavit of Service* and *Return of Service* of the original *Summons* were filed with the Court on or about September 27, 2006. Colombo made application to the Clerk for Entry of Default, and default was in fact entered by the Clerk on September 28, 2006.

As recited in the *Complaint*, Unita placed written purchase orders with Colombo for the purchase and delivery of food products over a period of several years beginning in approximately 2001.[4] For each order, Colombo issued and delivered to Unita a dated invoice detailing the product for which payment was being billed, the amount of the product shipped, the number of units and price-per-unit of the items shipped, and the total amount being billed for the product. Each invoice rendered by Colombo expressly directed that payment was to be made on a "Net 30" basis.[5] Each invoice rendered by Colombo indicated that any claim on the quality of food delivered was to be made within "5 days from date of delivery." *Id.*

In 2004, Unita began to fall behind in payments to Colombo. Despite repeated

---

2 *Complaint*, ¶3.
3 *Complaint*, ¶2.
4 *Complaint*, ¶7.
5 *Complaint*, ¶8.

assurances from Unita's principals that further payments would be made, Unita has not made a payment on the outstanding balance owed to Colombo since approximately August 2005. The unpaid balance of the Invoices totals $104,141.60. True and accurate copies of the invoices that remain unpaid were attached to the Complaint as filed and are attached as *Exhibit A* to the McErlain Affidavit.[6]

Attached as Exhibit B to the McErlain Affidavit is a numeric spreadsheet detailing the invoices, the payment due dates associated with each invoice, and the number of days outstanding and accrued interest associated with each invoice.[7] Prejudgment interest is figured on each outstanding invoice beginning the thirty-first day after the invoice date, at the rate of twelve percent (12%) as per R.I. Gen Laws § 9-21-10. The total outstanding balance, including statutory interest, is $130,971.04 as of October 31, 2006, with interest continuing to accrue at the rate of $34.24 per day.[8]

## II. ARGUMENT

### A. The Plaintiff Is Entitled to Judgment By Default.

The Clerk entered default against Unita on September 28, 2006. Unita has neither entered an appearance nor contacted Colombo since the commencement of this action. When a defendant has been defaulted, the allegations of the complaint are to be taken as true. *Hasbro, Inc. v. David Chang,* 2006 U.S. Dist. LEXIS 35529, *4 (RI 2006), *citing Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985). "A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). *Colombo* is

---

6 *McErlain Aff.* ¶ 3.
7 *McErlain Aff.* ¶ 6.
8 *Id.* The applicability of the interest calculation is addressed, *infra*.

entitled to have judgment entered against Unita and the factual allegations of its *Complaint* accepted as true.

**B. <u>Plaintiff's Claim Against Unita is for a Sum that By Computation Can Be Made Certain</u>.**

Rule 55 of the Federal Rules of Civil Procedure governs the entry of judgment when a defendant has been defaulted and states in relevant part:

> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

Rule 55(b)(1). On a default judgment, damages may be assessed without further proceedings when they can be ascertained by calculation. See *KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 19 (1st Cir. 2003) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is ... susceptible of mathematical computation"). Typical cases not requiring further proceedings are not necessary include those based on money judgments or negotiable instruments. *Hasbro,* 2006 U.S. Dist. LEXIS at *7.

In *Brockton Sav. Bank,* 771 F.2d at 13, the court accepted the plaintiff's default damage calculation on a certificate of deposit, with prejudgment interest derived by the plaintiff "by doing simple arithmetical computations." The damages sought here are fixed as they are simply the total of amounts invoiced but unpaid for goods ordered and shipped. The interest sought is both appropriate in this action and derived "by doing simple arithmetical computation," as will be demonstrated, *infra.*

C. **Prejudgment Interest Is Proper In this Action.**

A federal district court sitting in diversity must look to the law of the state in which the court sits to determine whether and how prejudgment interest is warranted. *Buckley v. Brown Plastics Machinery, LLC*, 368 F. Supp. 2d 167, 169 (D.R.I. 2005). Rhode Island law in fact directs that interest be included in the judgment itself:

> In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein.

R.I. Gen. Laws § 9-21-10(a). In a contract action, generally, prejudgment interest accrues beginning at the time of the breach, if that is when the plaintiff actually began to suffer damages. *Buckley*, 368 F. Supp. at 170. The court in *Buckley* carefully surveyed Rhode Island state decisions dealing with prejudgment interest in contract actions and distilled the guiding principal as follows:

> The point from which prejudgment interest accrues is the date from which Plaintiff's damages actually began, or put another way, from the point at which he was entitled to his money, and did not receive it....

*Id.*, at 171 (citations omitted). That general rule is applicable here.

Each invoice rendered to Unita for the goods sold and delivered indicates that it is due and payable in thirty (30) days. Each debt therefore arose – and each claim accrued – at the point that the payment of each invoice was due and payable but remained unpaid. That point in time was the point, for each invoice, at which the plaintiff "was entitled to [its] money, and did not receive it." *Id.* Plaintiff has calculated, therefore, for each unpaid invoice, a thirty-day "due date," and computed interest at the statutory rate of twelve percent (12%) per annum from the day after that due date, on the outstanding and

accumulating balance, up to the present date. That mathematical calculation is detailed on the spreadsheet attached to the McErlain Affidavit as Exhibit B. Plaintiff's calculation does not compound interest but figures an interest component separately for each post-due-date interval, and totals the interest components at the end of the process. For each indicated Invoice Due Date (or credit or payment date), the new outstanding (and overdue) balance is calculated, the number of overdue days since the last recorded event is tallied, and interest is applied to that balance over the number of days at issue. Interest for each interval is calculated as follows:

[Balance] x [12%/365 days] x [days in interval] = Interest

Given the present unpaid *base* invoice amount, $104,141.60, interest continues to accrue on that amount at the rate of $34.24 per day.

The above is a straightforward mathematical calculation, supported by evidence that is now undisputed following defendant's default.

**D. <u>Plaintiff Should Be Awarded Its Reasonable Attorneys' Fees Pursuant to R.I. Gen Laws § 9-1-45.</u>**

Plaintiff's *Complaint* seeks an award of its reasonable attorneys' fees under R.I. Gen Laws § 9-1-45, which states as follows:

> The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court:
>
> (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or
>
> (2) Renders a default judgment against the losing party.

R.I. Gen Laws § 9-1-45. In this case, an award of attorneys' fees may be made under either prong of the statute. The court could conclude, that there was "a complete absence of a justiciable issue of either law or fact raised by the losing party" because *no* issue of

fact or law was raised by the losing party and, presumably, default judgment will enter. There is no question that this action arises from a breach of contract – an implied contract to pay for goods ordered and delivered. The facts and allegations of the *Complaint* must be taken as true, and, upon entry of default judgment, Unita will have been adjudged liable for breach of the contract as pleaded (Count I).[9]

## IV. CONCLUSION

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the plaintiff respectfully requests that default judgment be entered against defendant Unita Packing, Inc., in the amount of $104,141.60 on the unpaid invoices, together with prejudgment interest in the amount of $26,829.44 as of October 31, 2006, totaling $130,971.04, plus attorneys fees incurred through October 31 totaling $6,515.16

| | |
|---|---|
| $104,141.60 | Unpaid invoice balance |
| $26,829.44 | Accrued interest |
| $6,515.16 | Attorneys Fees |
| $137,486.20 | Total through October 31, 2006 |

together with the costs of suit, additional attorneys' fees, and additional interest accruing after October 31, 2006 at the rate of $34.24 per day.

Dated: November 8, 2006

COLOMBO IMPORTING U.S., INC.

By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

9 Colombo's attorneys' fees, as of the date of this filing, stand at $6,515.16. *See Affidavit of Thomas R. Noel, Esq.*, submitted contemporaneously herewith.